IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOE RICHARD CORTEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:26cv406 |
| UNITED STATES, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Joe Richard Cortez, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrates.

Analysis

Plaintiff complains of alleged violations of his civil rights by officials in Grayson County, Texas concerning his arrest, detention, and conviction.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose.

The claims which form the basis of Plaintiff's complaint occurred in Grayson County, Texas. Pursuant to 28 U.S.C. § 124, Grayson County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas. While Grayson County is in the Eastern District of Texas, it is in the Sherman Division of the district, rather than the Beaumont Division.

Plaintiff inadvertently filed this action in the Beaumont Division of the United States District Court for the Eastern District of Texas instead of the Sherman Division. Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since Plaintiff complains of alleged incidents which occurred in Grayson County, all witnesses and records involving this action most likely will be located in the Sherman Division. Thus, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this action should be transferred to the United States District Court for the Eastern District of Texas, Sherman Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

**SIGNED this the 29th day of October, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE